IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06- 100-1-2-UNA |
| CANDY JEAN HAAS and, <br> PAMELA J. HAAS, | : |
| Defendants. | : |



REDACTED

### INDICTMENT

**Introduction: Facts Common To All Counts**

1. At all times material to this Indictment, defendants CANDY JEAN HAAS and PAMELA J. HAAS were natural persons living in Dover, Delaware. Mary F. Haas was a natural person living in Dover, Delaware until her death on or about September 9, 2005.

2. Defendants CANDY JEAN HAAS and PAMELA J. HAAS are daughters of Mary F. Haas.

3. At all times material to this Indictment, Mary F. Haas and defendants CANDY JEAN HAAS and PAMELA J. HAAS were joint signatories on a checking account at First State Bank in Kansas City, Kansas (hereinafter "the First State Bank Account").

4. At all times material to this Indictment, the United States government was the sole source of all funds deposited into the First State Bank Account. In specific, three United States government agencies deposited funds into the First State Bank Account: (a) the Social Security Administration ("SSA"), (b) the Veterans Administration ("VA"), and (c) the United States Air Force, through the Defense Finance and Accounting Service ("DFAS").

5. At all times material to this Indictment, Mary F. Haas was the sole beneficiary of and

FILED <br> SEP - 5 2006 <br> U.S. DISTRICT COURT <br> DISTRICT OF DELAWARE

authorized payee for all United States government funds deposited into the First State Bank Account.

6. Mary F. Haas's entitlement to United States government funds paid by the SSA, VA, and DFAS terminated in or about September 2005. Neither defendant CANDY JEAN HAAS nor PAMELA J. HAAS was entitled or authorized to receive these United States government funds on Mary F. Haas's behalf after her death.

7. United States government authorities with the SSA, VA, and DFAS did not learn of Mary F. Haas's death until in or about July 2006.

8. Because Mary F. Haas's death was not known to United States government authorities, the SSA, VA, and DFAS continued to disburse and deposit United States government funds, payable to Mary F. Haas as beneficiary and authorized payee, into the First State Bank Account from in or about September 2005 through in or about July 2006. Because Mary F. Haas was deceased, the United States government funds deposited into the First State Bank Account from in or about September 2005 through in or about July 2006 were overpayments to which neither the defendants nor any other person was entitled.

## COUNT 1

9. Paragraphs 1-8 are incorporated herein by reference.

**Manner and Means**

10. The following events are illustrative of the manner and means by which defendants CANDY JEAN HAAS and PAMELA J. HAAS conspired wilfully and knowingly to convert, without authority, United States government funds to their own use.

11. From on or about September 9, 2005 through on or about July 10, 2006, defendants

CANDY JEAN HAAS and PAMELA J. HAAS concealed Mary F. Haas's death.

12. From in or about September 2005 through in or about July 2006, defendant CANDY JEAN HAAS did write checks on the First State Bank Account to pay for the defendants' personal expenses.

**Charging Paragraph**

13. From in or about September 2005 through in or about July 2006, in the State and District of Delaware, CANDY JEAN HAAS and PAMELA J. HAAS, defendants herein, did conspire with each other wilfully and knowingly to convert to their own use, without authority, United States government funds, to wit, monthly benefits in the form of (a) direct deposits from the Social Security Administration and the United States Air Force, through the Defense Finance and Accounting Service, and (b) United States Treasury checks representing benefits from the Veterans Administration, all of which being money and things of value of the United States and departments and agencies thereof, the aggregate value of which exceeded $1,000. In furtherance of the conspiracy wilfully and knowingly to convert to their own use, without authority, United States government funds, as set forth above, defendant CANDY JEAN HAAS wrote the following checks, each drawn on the First State Bank Account, on the following dates, the writing of each check representing an overt act, among others, in furtherance of the conspiracy, which the defendants committed and caused to be committed in the District of Delaware:

| Payee | Date | First State Bank Check Number | Amount |
|---|---|---|---|
| Pamela Haas | September 11, 2005 | 6274 | $700.00 |

| Wilmington Trust | October 1, 2005 | 5844 | $312.10 |
|---|---|---|---|
|  | October 9, 2005 | 5854 | $327.10 |
|  | November 29, 2005 | 5874 | $349.72 |
| Brenford Animal Hospital Dover, DE | January 4, 2006 | 6218 | $312.30 |
|  | February 9, 2006 | 5894 | $200.00 |
| City of Dover, DE | February 9, 2006 | 5895 | $466.54 |
|  | March 8, 2006 | 5923 | $340.11 |
|  | May 1, 2006 | 5944 | $324.64 |
|  | June 1, 2006 | 5959 | $248.69 |

In violation of Title 18, United States Code, Sections 641 and 2, all in violation of Title 18, United States Code, Section 371.

## COUNT 2

14. Paragraphs 1-8 are incorporated herein by reference.

15. On or about October 5, 2005, in New Castle County, within the District of Delaware, defendant CANDY JEAN HAAS filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a Chapter 7 bankruptcy petition in the proceeding entitled *In re Candy Jean Haas*, Case No. 05-13041-PJW.

16. On or about October 5, 2005, in the State and District of Delaware, in the case

entitled *In re Candy Jean Haas*, Case No. 05-13041-PJW, defendant CANDY JEAN HAAS knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in Schedule B to the petition filed in the bankruptcy Case No. 05-13041-PJW, on which Schedule the debtor/defendant CANDY JEAN HAAS was to list all her personal property, in response Item #2 requesting the debtor to list, *inter alia*, all checking, savings or other financial accounts, defendant CANDY JEAN HAAS falsely stated and caused to be stated that she had only two checking accounts, at WSFS and Commerce Banks, respectively, held jointly with her mother and sister, when she then and there well knew that she failed to list her interest in the First State Bank Account among her personal property, in violation of Title 18, United States Code, Sections 152(3) and 2.

## COUNT 3

17. Paragraphs 1-8 are incorporated herein by reference.

18. On or about October 5, 2005, in New Castle County, within the District of Delaware, defendant PAMELA J. HAAS filed and caused to be filed in the United States Bankruptcy Court for the District of Delaware a Chapter 13 bankruptcy petition in the proceeding entitled *In re Pamela J. Haas*, Case No. 05-13039-JKF.

19. On or about October 5, 2005, in the State and District of Delaware, in the case entitled *In re Pamela J. Haas*, Case No. 05-13039-JKF, defendant PAMELA J. HAAS knowingly and fraudulently made and caused to be made the following material false declaration and statement under penalty of perjury, within the meaning of Title 28, United States Code,

Section 1746, in and in relation to a case under Title 11 of the United States Code, to wit, in Schedule B to the petition filed in the bankruptcy Case No. 05-13039-JKF, on which Schedule the debtor/defendant PAMELA J. HAAS was to list all her personal property, in response Item #2 requesting the debtor to list, *inter alia*, all checking, savings or other financial accounts, defendant PAMELA J. HAAS falsely stated and caused to be stated that she had only two checking accounts, at WSFS and Commerce Banks, respectively, held jointly with her mother and sister, when she then and there well knew that she failed to list her interest in the First State Bank Account among her personal property, in violation of Title 18, United States Code, Sections 152(3) and 2.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

By: _____
Shannon T. Hanson
Assistant United States Attorney

Dated: September 5, 2006