IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-100-2-SLR |
| | : | |
| CANDY JEAN HAAS and, | : | |
| PAMELA J. HAAS, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT PAMELA HAAS' PRE-TRIAL MOTION TO SUPPRESS
EVIDENCE AND STATEMENTS**

Defendant, Pamela J. Haas, by and through her undersigned counsel, Christopher S. Koyste, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing for use by the government any and all evidence obtained as a result of the July 10, 2006 warrantless search of 101 Jefferson Court, Dover, Delaware. Law enforcement took Ms. Haas into custody and interrogated her on the basis of incriminating evidence discovered during the search.

As grounds for this motion, the defense submits as follows:

1. Throughout the early summer of 2006, State of Delaware agencies had several contacts with Pamela Haas and her sister, Candy Haas. The contacts primarily concerned the health of pets in the Haas home at 101 Jefferson Court. On July 10, 2006, these contacts culminated in a warrantless search of the home by members of the Dover Police Department.

2. During the search, a dresser was moved away from a closet to allow entry, and the remains of Defendant's mother, Mary Haas, were found in a container in the closet. Law enforcement discovered Mary Haas' death as a direct result of the search, and this served as the foundation of the

federal indictment against Ms. Haas. The indictment alleges the following offenses: the taking of United States government funds in violation of 18 U.S.C.§§ 641 and 642; bankruptcy fraud, in violation of 18 U.S.C. §§ 152(3) and (2); and making a false statement under penalty of perjury in violation of 28 U.S.C. § 1746 and 18 U.S.C. §§ 152(3) and (2).

3. Based upon the fruits of the search of Ms. Haas' residence, she was interrogated by law enforcement officers and made incriminating statements. Ms. Haas contends that the search of her residence and the use by the government of any statements allegedly made by her after the search are violations of her rights under the United States Constitution.

4. The Fourth Amendment prohibits unreasonable searches and seizures. It is well settled that "a search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). Where law enforcement officers lack both probable cause and a warrant to support a search, the Constitution requires the suppression of any evidence recovered, unless an exception to the warrant requirement applies. United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 470 U.S. 811 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980).

5. When the government conducts a warrantless search, it bears the burden of establishing that the search comes within one of the exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951). If the government cannot show that a legal exception to the search warrant requirement applies, all evidence obtained as a result of the search must be suppressed, pursuant to the "fruit of the poisonous tree doctrine." See Wong Sun v. United States, 371 U.S. 471 (1963).

**WHEREFORE**, the Defense respectfully requests that this Court enter an Order granting Defendant's motions after an evidentiary hearing is held.

                                              Respectfully Submitted,

                                              _____/s/_____
                                              CHRISTOPHER S. KOYSTE, ESQUIRE
                                              Assistant Federal Public Defender
                                              704 King Street, Suite 110
                                              Wilmington, Delaware 19801
                                              Attorney for Defendant Pamela J. Haas

DATED: October 27, 2006

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this Motion to Suppress is available for public viewing and downloading and was electronically delivered on October 27, 2006 to:

Shannon Hanson, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

This motion was also sent via first class U.S. Mail to:

Edward C. Gill, Esquire
P.O. Box 824
Georgetown, Delaware 19947

/s/
CHRISTOPHER S. KOYSTE, ESQUIRE
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Pamela J. Haas