**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*  
*1007 N. Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

December 8, 2006

**VIA CM/ECF**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    RE:    **United States v. Pamela J. Haas - 06-100-SLR**

Dear Chief Judge Robinson:

    I am pleased to report that the parties have been able to achieve a pre-trial resolution of this matter. In anticipation of the Rule 11 hearing before your Honor, scheduled for December 11, 2006 at 8:30 a.m., enclosed please find the proposed Memorandum of Plea Agreement between the government and the defendant, Ms. Pamela Haas.

    Pursuant to this agreement, Ms. Pamela Haas will plead guilty to Count 1 of the Indictment against her in the above-captioned case. Count 1 charges the defendant with conspiracy knowingly to convert, without authorization, over $1,000 in United States funds to her use, in violation of 18 U.S.C. Sec. 641 and 2, all in violation of 18 U.S.C. Sec. 371. The maximum penalties for Count 1 of the Indictment are five years imprisonment, a $250,000 fine, restitution to the victims, not more than three years supervised release, and a $100 special assessment.

    Please contact me should your Honor have any questions.

                      Respectfully submitted,

                      COLM F. CONNOLLY
                      United States Attorney

BY: /s/ Shannon Thee Hanson
                      Shannon Thee Hanson
                      Assistant United States Attorney

Enclosure

cc:    Christopher S. Koyste, Esq.
       Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>PAMELA J. HAAS,<br>   Defendant. | :<br>:<br>:<br>:<br>:  Criminal Action No. 06-100-SLR<br>:<br>:<br>:<br>: |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Pamela J. Haas, by and through her attorney, Christopher S. Koyste, Esq., the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count 1 of the Indictment against her in the above-captioned case. Count 1 charges the defendant with conspiracy knowingly to convert, without authorization, over $1,000 in United States funds to her use, in violation of 18 U.S.C. Sec. 641 and 2, all in violation of 18 U.S.C. Sec. 371. The maximum penalties for Count 1 of the Indictment are five years imprisonment, a $250,000 fine, restitution to the victims, not more than three years supervised release, and a $100 special assessment.

2.  The defendant agrees to pay the $100.00 special assessment on or before the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence and

if the defendant is sentenced to a period of incarceration, the defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

3. The defendant understands that the following are the elements of the Section 371 conspiracy violation to which she is pleading guilty and which the government would have to prove were this matter to go to trial:

(A) From in or about September 2005 through in or about July 2006, in the State and District of Delaware, defendant Pamela J. Haas, conspired with another, specifically co-defendant Candy Jean Haas, wilfully and knowingly to convert to the defendant's own use, without authority, over $1,000 in United States government funds, to wit, monthly benefits in the form of (1) direct deposits from the Social Security Administration ("SSA") and the United States Air Force, through the Defense Finance and Accounting Service ("DFAS"), and (2) United States Treasury checks representing benefits from the Veterans Administration ("VA");

(B) One or more overt acts were committed and caused to be committed in the District of Delaware in furtherance of the charged conspiracy, to wit, on or about January 4, 2006, co-defendant Candy Jean Haas wrote check number 6218 for $312.30 drawn on a checking account at First State Bank in Kansas City, Kansas and payable to Brenford Animal Hospital.

4. Based on information known to date, the government's position is that its evidence is sufficient to prove that the loss resulting from the defendant's offense conduct and that conduct for which the defendant is held responsible pursuant to United States Sentencing Guideline ("U.S.S.G.") Section 1B1.3(a)(2) (relevant conduct) is more than $30,000 but less than $70,000, pursuant to U.S.S.G. Section 2B1.1(b)(1)(D) of the November 1, 2006 U.S. Sentencing Guidelines Manual. The defendant's position is that the government's evidence is sufficient to

prove that the loss resulting from her offense conduct and Section 1B1.3(a)(2) relevant conduct is more than $10,000 but less than $30,000, pursuant to U.S.S.G. Section 2B1.1(b)(1)(C), in light of the funds DFAS has already recovered.

5.  Provided that the government does not learn subsequently of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees that the defendant should obtain a two (2) level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. Section 3E1.1, based on the defendant's conduct to date. The government will make this recommendation because the defendant timely has notified authorities of her intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6.  The parties further stipulate and agree that the defendant will pay no more than a total of $31,522.40 in restitution to the following entities: (1) SSA; (2) VA; and (3) the United States Air Force, through DFAS, as that restitution is calculated by the Court.

7.  On or before the sentencing date, the government will dismiss Count 3 of the Indictment in this case.

8.  Prior to the sentencing date, the defendant agrees to file a signed and verified amended Schedule B in the matter entitled *In re Pamela J. Haas*, Case No. 05-13039-JKF, in the United States Bankruptcy Court for the District of Delaware, to correct any known errors and/or omissions.

9.  The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine

the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

10. The parties recognize that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the Guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend any ruling of the Court at any subsequent proceedings, including any appeal.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are

null and void and have no effect whatsoever.

                                                                                 COLM F. CONNOLLY
                                                                                 United States Attorney

_____        By:_____
Christopher S. Koyste, Esquire                      Shannon Thee Hanson
Attorney for Defendant                               Assistant United States Attorney


_____
Pamela Haas
Defendant

Dated:    December \_\_\_, 2006

       **AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.

                                          _____
                                          HONORABLE SUE L. ROBINSON
                                          United States District Judge
                                          District of Delaware